## CASSARELLO v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.   February 28, 1922.)

No. 2760.

1. **Army and navy** ☞51½, New, vol. 12A Key-No. Series—Application held admissible in action on certificate of war risk insurance.

In an action against the United States on a certificate of war risk insurance, which did not name the beneficiary, but made a part of the contract the application, which designated the beneficiary and the disposition to be made of future installments in case of his death, such application *held* admissible in evidence, both to establish the rights of the beneficiary and to limit the right of his executor.

2. **Army and navy** ☞51½, New, vol. 12A Key-No. Series—State statute held inapplicable to contract of war risk insurance.

Act Pa. May 11, 1881 (P. L. 20, § 1; Pa. St. 1920, § 12399), providing that, unless a copy of the application referred to therein shall be attached to a life insurance policy issued by any company, the same shall not be admissible in evidence, *held* to have no application to contracts of war risk insurance.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action at law by Savino Cassarello, executor, against the United States.   Plaintiff brings error.   Affirmed.

For opinion below, see 271 Fed. 486.

A. A. Vosburg and William B. Landis, both of Scranton, Pa., for plaintiff in error.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa.; and John M. McCourt, Asst. U. S. Atty., of Scranton, Pa., and Edward H. Horton, Sp. Asst. U. S. Atty., of Washington, D. C.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.   On January 11, 1918, the United States, through its Bureau of War Risk Insurance, issued certificate of insurance No. 1,753,749 on the life of Lawrence Siegel for $10,000, "payable in case of death * * * in monthly installments."   No beneficiary was named in the certificate, but it provided that certain obligations, "together with the application for this insurance, * * * shall constitute the contract," and the application thus embodied in the contract made the applicant's stepbrother, Patsy Gillette, his beneficiary.   It further provided:

"In case any beneficiary die or become disqualified after becoming entitled to an installment, but before receiving all installments, the remaining installments are to be paid to such person or persons within the permitted class of beneficiaries as may be designated in my last will and testament, or, in the absence of such will, as would under the laws of my place of residence be entitled to my personal property in case of intestacy."

The insured, Lawrence Siegel, died intestate on October 29, 1918, and Patsy Gillette, the beneficiary, died testate in April, 1919, at which latter date there were due Patsy Gillette accrued monthly installments on the certificate, aggregating some few hundred dollars, which sum

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it is conceded then became payable to his executor. The latter, however, not content with receiving said installments tendered him, brought suit in the court below to recover $10,000, the entire amount of said certificate. Jury was waived, and the case was tried by the judge, who found for the plaintiff for the installments accrued up to the time Patsy Gillette died, and against the plaintiff as to the balance of the claim, and entered judgment as follows:

"Judgment will be entered in favor of the plaintiff for the amount of installments due at the time of the death of the beneficiary. The clerk will enter judgment accordingly upon presentation of a calculation to this effect. As to the installments accruing subsequent, judgment is denied."

Thereupon the plaintiff took a writ of error to this court, assigning for error (a) entry of the judgment; (b) the admissions in evidence of certain rules and regulations of the insurance department of the government; and (c) the admission in evidence of Lawrence Siegel's application for insurance. As the question raised by this last assignment underlies and is decisive of the whole case, we first turn to it.

[1] Pursuant to our rule, which requires counsel to make "a statement of the question or questions involved, which shall be in the briefest and most general terms, without names, dates, amounts or particulars of any kind whatever," he sums up the question involved in these words:

"Where a copy of an application is not attached to a policy of war risk insurance, is the application admissible in evidence under the Pennsylvania act of 1881 (P. L. 20)?"

We here remark, as stated before, that the insurance certificate of the government in this case did not name any beneficiary, and that the sole contract evidence of any alleged beneficiary being a beneficiary is the application, which the certificate makes part of the contract, and which such beneficiary must produce to show any contract right. We also note that the plaintiff seeks to avoid the necessity of itself putting in evidence the application as to the proof, and indeed the indispensable foundation, of Patsy Gillette's right, on the ground that the affidavit of defense did not challenge, but admitted, the designation of Gillette by Siegel as his beneficiary. But this narrow contention overlooks that to which we cannot close our eyes, namely, that while the government admitted in its affidavit of defense, as it has always and now concedes, Gillette's standing as a designated beneficiary, it at the same time averred and produced Siegel's limitation in his application of that beneficiary's interest to installments payable in Gillette's lifetime.

It follows, therefore, that, whatever formal lines of proof the trial took, the fact is that the court, in deciding the rights of the parties, had in evidence before it, and had to have, the application, which the certificate of insurance made a part of the contract, and that the court used that application to limit the plaintiff's rights to a recovery of the installments which accrued during Gillette's lifetime. The application evidencing the truth, and its contents, being necessary to determine the rights not only of the claiming beneficiary, of the paying government, but also of those other persons whom Siegel made possible bene-

ficiaries by his will or intestacy, on what ground can we say the court below was in error in receiving in evidence and adjudging the rights of the plaintiff on the terms of a paper, in the absence of which the plaintiff's testator had no contract obligation whatever under the certificate?

[2] The contention for exclusion of the application from consideration by the court below is based on a statute of Pennsylvania, the Act of May 11, 1881 (Penna. Statutes, § 12399), and here printed in the margin.[1]  Manifestly that statute has no application to the present certificate, for the United States, which issued it, was not an insurance company, and its certificate was not one issued by "companies organized under the laws of this state or by foreign companies doing business therein."  The statute simply does not apply, and, as that is decisive, it would be apart from our judicial duty to here discuss the mischief which this statute was passed to meet, mischief which could not arise in the case of government soldiers' insurance; the decisions of the Supreme Court of the state, which confine the application of the act to insurance companies and refuse to extend it to beneficial societies; the question of when a vested interest in a policy arises; and the further question of what disposition shall be made by the government of the residue of the installments.

Having, as we said, decided that the plaintiff in this suit was entitled to no more than the judgment allowed him, that judgment is affirmed.

---

[1] "All life and fire insurance policies upon the lives or property of persons within this commonwealth, whether issued by companies organized under the laws of this state, or by foreign companies doing business therein, which contain any reference to the application of the insured or the constitution, by-laws or other rules of the company, either as forming part of the policy or contract between the parties thereto, or having any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application, as signed by the applicant, and the by-laws referred to; and, unless so attached and accompanying the policy, no such application, constitution or by-laws shall be received in evidence in any controversy between the parties to, or interested in the said policy, nor shall such application or by-laws be considered a part of the policy or contract between such parties."