## SALZER v. UNITED STATES et al. (two cases).

(Circuit Court of Appeals, Second Circuit. May 7, 1924.)

Nos. 286–287.

1. **Army and navy ⬦⟹51½, New, vol. 12A Key-No. Series—Beneficiary of war risk policy does not acquire vested interest on insured's death.**

   Under a certificate of war risk insurance, beneficiary does not acquire a vested interest on insured's death.

2. **Army and navy ⬦⟹51½, New, vol. 12A Key-No. Series—On beneficiary's death, benefits of war risk policy go to relatives of deceased soldier.**

   On death of beneficiary, benefits of war risk insurance certificate go to relatives of deceased soldier.

In Error to the District Court of the United States for the Southern District of New York.

Separate actions by Delia Salzer individually and by Delia Salzer as administratrix of the goods, chattels, and credits of Sebastian Salzer, deceased, against the United States, the Treasury Department, and the Bureau of War Risk Insurance. Judgment for defendants (300 Fed. 764) in each case, and plaintiff brings error. Judgments affirmed.

James A. Beha, of New York City, for plaintiff in error.

William Hayward, U. S. Atty., of New York City (John M. Ryan, Sp. Asst. U. S. Atty., of New York City, and Edward H. Horton, Associate Counsel Veterans' Bureau, of Washington, D. C., of counsel), for defendants in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

PER CURIAM. [1] We find it unnecessary to add much to the clear and careful opinion of Judge Mack. It is, and indeed must be, conceded that under a certificate of war risk insurance the beneficiary

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

does not acquire a vested interest on the death of the insured. Cassarello v. United States (D. C.) 279 Fed. 396, affirming 271 Fed. 486; Helmholz et al. v. Horst et al. (C. C. A.) 294 Fed. 417.

[2] Upon the facts here existing, the disposition of the insurance must be in accordance with the intestacy laws of New York. The question, then, is whether the insurance shall go to those who would benefit under the New York statute as the relatives of the deceased soldier or as the relatives of Rose M. Ryan, the wife of the deceased soldier, who died the day after Ryan died.

We are not unmindful of the earnest and able argument advanced by counsel for plaintiffs in error, but we are satisfied that the legislation in question evidences the intent of Congress that the intestacy laws shall operate in respect of the relatives of the deceased soldier. We think this conclusion follows, not only from the statutes as written, but also from the legislative history and practical construction.

Plaintiffs in error, of course, would not fall under any of the applicable provisions of the statute of New York. Section 98 of Decedent Estate Law, 2 Birdseye, Cummings & Gilbert's Consolidated Laws of the State of New York (2d Ed.) pp. 1797, 1798, pars. 5, 10, 12 and 13.

The judgments below are affirmed, without costs.