CHILDERS *v.* POLLOCK.

Opinion delivered January 28, 1929.

*D. H. Howell* and *C. M. Wofford,* for appellant.

*Starbird & Starbird,* for appellee.

McHANEY, J. This case was submitted to the circuit court on appeal from the probate court on the following agreed statement of facts:

"(1) The plaintiff was the wife of the decedent at the time of his death, and he left one child, a boy, James Perry Childers, his only heir at law, who is now about ten years of age. (2) That said Perry Childers, before his death, was a soldier in the World War, and, as such soldier, carried a policy of insurance in the War Risk Insurance Department of the United States Government, for $10,000. (3) That Perry Childers departed

this life intestate about the 13th day of October, 1918. That the insurance was payable as follows to the following beneficiaries: To Dess Pollock, then Dess Childers' wife, one-half; to James Perry Childers, his son, one-fourth; and to his mother, Mrs. James Childers, one-fourth. (4) That Mrs. Childers, his mother, died upon the 19th day of February, 1927, and this plaintiff and said son, James Perry Childers, survived her. (5) That at the time of her death Mrs. James Childers had not drawn nearly all of the payments provided for her in said policy, and the United States Government paid the balance of said payments, $1,650, to James Childers, as administrator of the estate of Perry Childers, deceased. (6) That plaintiff was married to Wib Pollock four or five years after the death of her husband, the said Perry Childers, and continues to draw one-half said insurance in monthly payments. (7) That Mrs. James Childers, mother of the deceased, held a life estate only in one-fourth of said insurance, and at her death the commuted value of the remainder, amounting to $1,650, reverted to the estate of the said Perry Childers, deceased. (8) The question to be decided by the court is whether or not the estate reverted to the estate of Perry Childers, deceased, is such an estate as would entitle plaintiff to a dower interest therein."

Appellant is the administrator of the estate of Perry Childers, deceased, and appellee is his widow. The court held that appellee is entitled to dower in this part of decedent's estate. We agree that this is correct. At common law the widow took dower in the real estate of her husband only, but the term 'real estate' included both corporeal and incorporeal hereditaments. R. C. L., p, 578. Under our statute, § 3535, C. & M. Digest, "a widow shall be entitled, as part of her dower, absolutely and in her own right, to one-third part of the personal estate, including cash on hand, bonds, bills, notes, book accounts and evidences of debts, whereof the husband died seized or possessed." This court has held that a widow is entitled to dower in a gift *causa mortis* of the husband.

*Hatcher* v. *Buford*, 60 Ark. 169; and in *Tatum* v. *Tatum*, 174 Ark. 110, it was held that "the inchoate right of dower is more nearly like the interest of a contingent remainderman," and that "the inchoate rights of the wife are as much entitled to protection as the vested right of the widow." In that case it was held that, where the husband had conveyed land by deed, in which the wife did not join to convey her inchoate right of dower, and the grantees had discovered oil therein, the wife had a contingent interest which should be protected. Here the husband died leaving a policy of insurance, one-fourth of which was made payable to his mother in installments so long as she might live, and at her death the balance, if any, to his estate. On his death his estate was immediately seized of the possibility that a portion of that fund would come to his estate, not as a remainder or reversion, but as a certainty, provided the fund was not consumed by the payment of installments during the lifetime of the mother. In other words, this possibility was an asset of the estate—personal property belonging to the estate, in which the widow was entitled to her dower interest when realized. If the mother had predeceased her son, and no change had been made in the beneficiary, it could hardly be said that appellee would not be endowed in that part going to the estate. Or, had she died one day thereafter, before any installments had been paid to her, the result would be the same. Being personal property of the estate, the appellee is entitled to dower, and the judgment is affirmed.