## Meisenhelter's Estate.

Argued May 20, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John A. Hoober,* for appellant.

*Samuel Kurtz,* for appellee.

PER CURIAM, July 1, 1929:

This case involves a contest over the proceeds of a government war insurance policy on the life of Harvey L. Meisenhelter, who was killed in service. The soldier's parents were divorced in his lifetime; his mother then married Howard Smuck, the present appellant. The mother was the insurance beneficiary, and received payments therefrom until her death. After that event, the father of the insured (former husband of the deceased mother) took out letters of administration on his son's estate, which consisted solely of the balance of the war

insurance. Upon the filing of the account by this administrator, the court below awarded the balance on hand to the accountant as the father of the insured and the one entitled under the intestate law of Pennsylvania. As shown in Wanzel's Estate, 295 Pa. 419, 421, under the federal law, a fund such as the one now before us is "payable to the estate of the deceased soldier for ultimate distribution to such person or persons within the permitted class of beneficiaries as would, under the laws of the soldier's place of residence be entitled to his personal property in case of intestacy." Exceptions were filed by the present appellant on the ground that error had been committed "in not awarding the balance for distribution to [him as] stepfather." Exceptions were also filed by the surviving brothers and sisters of the deceased soldier because the insurance money was not awarded to them. The court below dismissed the exceptions and affirmed the award to the father of the insured. The stepfather is the only appellant, and he points to no statute which, under any circumstance, would entitle him to the fund, or which would deprive the appellee of his right to have it awarded to him.

The decree appealed from is affirmed at cost of appellant.