## Hollobaugh's Estate.

*Zeno F. Henninger*, for Jacob Hollobaugh.

*Jackson & Troutman*, for Enos O. and Isabella Hollobaugh.

CAMPBELL, P. J., April 22, 1930.—John Hollobaugh (hereinafter called the soldier), a soldier in the United States Army, died in the service in the month of April, 1918, intestate, unmarried and without issue, leaving to survive him as his heirs at law his parents, Jacob E. Hollobaugh and Ada Hollobaugh. At the time of his death the soldier was insured under a war risk insurance policy in the sum of $10,000, in which his mother, Ada Hollobaugh, was named as beneficiary. After his death, monthly payments of $57.50 were paid to the beneficiary under the terms of the policy until her death on June 18, 1928. The said Ada Hollobaugh left to survive her as her heirs at law her husband, the said Jacob E. Hollobaugh, and two children, Enos O. Hollobaugh and Isabella Hollobaugh.

Letters of administration on the estate of the soldier were duly issued to the Butler County Trust Company, to which was paid by the Government the sum of $5765, the commuted value of said war risk insurance policy, as of the date of the death of the beneficiary, which constituted the entire estate of the soldier. At the above number and term the administrator filed its final account, showing a balance due, after deduction of the costs of administration, of $5398, which account was confirmed absolutely, and thereupon E. H. Negley, Esq., was appointed auditor to make distribution of said balance to and among the parties entitled thereto.

The auditor found the facts as above stated and to his findings of facts no exceptions were filed. In his conclusions of law the auditor found: 1. At the death of the soldier his estate vested in his father, Jacob E. Hollobaugh, and

his mother, Ada Hollobaugh, in equal shares. 2. Under the laws of the United States governing war risk insurance, the unpaid balance due on a policy, upon the death of the beneficiary, is commuted and paid to the soldier's executor or administrator for distribution among his legal heirs according to the laws of the state of his domicile. 3. At the death of the [soldier's] mother, her share or interest became vested in her legal heirs, to wit, her surviving husband, Jacob E. Hollobaugh, one-third; her son, Enos O. Hollobaugh, one-third; and her daughter, Isabella Hollobaugh, one-third. 4. Being derived from war risk insurance, the fund for distribution is not subject to the transfer inheritance tax of Pennsylvania. The auditor then directed distribution of said balance as follows: To Jacob E. Hollobaugh as surviving father, $2617.75; to Jacob E. Hollobaugh as surviving spouse of Ada Hollobaugh, $872.58; to Enos O. Hollobaugh, $872.58, and to Isabella Hollobaugh, $872.59.

Jacob E. Hollobaugh filed exceptions to the first and third of said conclusions of law and to that portion of the said schedule of distribution which contains awards to Enos O. Hollobaugh and Isabella Hollobaugh, which exceptions were overruled by the auditor and renewed in court and are now before us for disposal.

The contention of the exceptant is that at the death of the soldier the amount due on his war risk insurance policy vested in his father and mother, as tenants by entireties, subject to the monthly payments to his mother as the beneficiary named therein during her life or until exhausted in accordance with the terms of the policy; that upon her death the entire commuted balance thereof was payable to the administrator of the soldier to be distributed in accordance with the intestate laws of Pennsylvania, within the class of beneficiaries designated in the War Risk Insurance Law; and that, in accordance therewith, the entire balance, less costs of administration, was payable to the soldier's father as surviving spouse of his wife, the soldier's mother, under the right of survivorship incident to an estate by entireties in husband and wife. We think this a correct statement of the law applicable to the facts found by the auditor.

"Where a named beneficiary [in a war risk insurance certificate] dies after surviving the insured . . . the unmatured instalments become a part of the latter's estate as of the date of his death, although the time when they will actually be received and the amount thereof is then uncertain. . . . Being a part of the insured's estate and vesting as such at his death, it vests, in the absence of a testamentary disposition, in his then next of kin under the intestate laws:" Ogilvie's Estate, 291 Pa. 326, 334; Schultz's Estate, 96 Pa. Superior Ct. 514, 516, 517; Meisenhelter's Estate, 297 Pa. 292. The facts in the last cited case are similar to those here. The opinion of the court below is reported in 42 York Leg. Record, 170.

Under section 8 of the Intestate Act of June 7, 1917, P. L. 429, 436, this entire fund vested in the father and mother of the soldier as of the date of his death in 1918, subject to the payment of the monthly instalments to the mother as beneficiary under the policy. They took as tenants by entireties, an incident of which is the right of survivorship, and upon the death of Ada Hollobaugh the entire balance now for distribution vested in her surviving husband, Jacob E. Hollobaugh, father of the soldier: Frankenfield v. Gruver, 7 Pa. 448; Gillan's Exec'rs v. Dixon, 65 Pa. 395; Diver v. Diver, 56 Pa. 106; Sloan's Estate, 254 Pa. 346; Manzke's Estate, 13 Berks Co. L. J. 152; Wall's Estate, 72 Pitts. L. J. 932; Stevenson v. Pennsylvania R. R. Co., 6 D. & C. 564.

The auditor's conclusion that no transfer inheritance tax is due on this balance for distribution is sustained: Wanzel's Estate, 295 Pa. 419. Therefore, exceptions Nos. 1, 2, 3, 4, 5 and 6 to the auditor's report are severally sustained and the court finds the following

### Conclusions of law.

1. At the death of John Hollobaugh, the principal sum due on his war risk insurance policy vested in his father and mother, viz., Jacob E. Hollobaugh and Ada Hollobaugh, as tenants by entireties, subject to the monthly payments to said Ada Hollobaugh as beneficiary named therein during her life or until exhausted in accordance with the terms of the policy.

2. At the death of the said Ada Hollobaugh, the unmatured instalments or commuted balance of said policy became a part of the estate of John Hollobaugh as of the date of his death, payable to his administrator, the Butler County Trust Company, for distribution under the Intestate Law of Pennsylvania.

3. The right of survivorship is an incident to an estate by entireties acquired by the surviving parents of a deceased intestate.

4. The balance of said fund in the hands of the administrator after payment of the costs of administration and of audit vests in the said Jacob E. Hollobaugh.

5. The entire balance for distribution being the proceeds of a policy of war risk insurance, no transfer inheritance tax is due thereon to the Commonwealth of Pennsylvania.

The auditor's schedule of distribution is amended in so far as it relates to the distribution of the balance remaining after payment of costs of audit, by striking out the payments therein provided to Jacob E. Hollobaugh, Enos O. Hollobaugh and Isabella Hollobaugh, and inserting in lieu thereof: Distribution: To Jacob E. Hollobaugh as surviving parent of John Hollobaugh, deceased, and as surviving spouse of Ada Hollobaugh, deceased, $5235.50.

From Thomas H. Greer, Butler, Pa.