JONES *v.* JONES.

4-2697

Opinion delivered October 24, 1932.

*John J. DuLaney,* for appellant.
*Jones & Jones,* for appellee.

MEHAFFY, J. Wm. G. Jordan, a soldier in the United States Army, received a certificate of insurance on his life for $10,000, issued by the United States through the Bureau of War Risk Insurance in 1917. His mother, Mrs. Margaret Jordan, was the sole beneficiary. He died on June 22, 1919, and after his death the United States Government, under the terms of the policy, paid $57.50 per month to his mother, the beneficiary, until her death, on March 30, 1920. The soldier, Wm. G. Jordan, died intestate, and his mother died intestate. When Jordan, the soldier, died, he left surviving him, his mother, one brother and two sisters, Charlie J., and Mrs. Mollie Waldo and Mrs. Hortense Starks. After the death of Mrs. Jordan, the beneficiary, the government paid $19.16 per month to each of the three next of kin, Charlie Jordan, Mrs. Mollie Waldo and Mrs. Hortense Starks. This amount was paid to each of them until the death of Mrs. Mollie Waldo, one of the sisters, on June 7, 1931. The government still continues to pay $19.16 each to Charlie Jordan and Mrs. Hortense Starks and recognizes its obligation to continue such payments until each has received a one-third of the balance due on said policy of insurance. After the death of the beneficiary, the government awarded one-third interest in the balance due on said policy to each of the three heirs named above. Upon the death of Mrs. Waldo, her interest, which was represented during her lifetime by the monthly payments above mentioned, was commuted, its present value found to be $1,611. The government is willing to pay said sum to Lon T. Jones, of Ashdown, Arkansas, the administrator of the estate of said Wm. G. Jordan, deceased. Mrs. Bertie Jones, the appellee and sole heir at law of her deceased mother, Mrs. Mollie Waldo, claims the full sum of $1,611, and filed her claim with the administrator. The administrator disallowed the claim, and then appellee

filed the claim in probate court on March 1, 1932. The probate court found that Mrs. Bertie Jones was entitled to the entire sum of $1,611, less cost of administration. An appeal was taken by the administrator to the circuit court, where appellee was allowed the entire sum less cost of administration. The administrator, the appellant here, filed motion for new trial, which was overruled, and an appeal granted to this court.

The contention of appellant is that, when the $1,611 was paid to the administrator of the estate of Jordan, the deceased soldier, each of the heirs, the two sisters and brother, is entitled to one-third of the amount. The contention of appellee is that she is entitled to the full amount of $1,611.

Both parties filed briefs citing many authorities. We do not deem it necessary to review these authorities, because we are of opinion that the act of Congress, as amended and as construed by recent decisions of the Supreme Court of the United States, settles the question in favor of appellee.

While the certificate of insurance was issued in 1917, it provided that it should be subject in all respects to the provisions of the act of 1917 (40 Stat. 398) of any amendments thereto and of all regulations thereunder now in force or hereafter adopted, all of which, together with the application for the insurance and the terms and conditions published under authority of the act, shall constitute the contract.

The Supreme Court of the United States has expressly held not only that Congress had a right to amend the law, but had the right to make the later acts retroactive so as to take effect as of October 6, 1917. *White* v. *U. S.*, 270 U. S. 175, 46 S. Ct. 274.

The act of December 24, 1919 (41 Stat. 376), provided: "That, if any person to whom such yearly, renewable term insurance has been awarded dies, or his rights are otherwise terminated after the death of the insured, but before all of the 240 monthly payments have been paid, then the monthly payments payable and ap-

plicable shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the State of residence of insured be entitled to his personal property in case of his intestacy.''

In compliance with the law, the $57.50 was paid to the mother, who was the beneficiary, and at her death was paid to the two sisters and brother, one-third to each. They were the persons who, under the laws of the State of Arkansas, the residence of the insured, would be entitled to his personal property, and these payments to the sisters and brother continued until the death of Mrs. Waldo, one of the sisters, on June 7, 1931.

The act of Congress of 1925, (§ 14, 43 Stat. 1310, 38 USCA § 514) provides: ''If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the 240 installments, or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment under existing awards; provided, that all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this act shall continue until the death of the person receiving such payments, or until he forfeits the same under the provisions of this act. When any person to whom such insurance now awarded dies, or forfeits his rights to such insurance, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person.''

The Supreme Court recently said, in discussing this act: ''All installments, whether accruing before or after the death of beneficiary named in certificate of insurance, as a result become assets of the estate of the insured upon the instant of his death, to be distributed to the heirs of the insured, in accordance with the intestacy laws

of the State of his residence, such heirs to be determined as of the date of his death and not as of the date of the death of the beneficiary." *Singleton* v. *Cheek,* 284 U. S. 493, 52 S. Ct. 257.

Under the act and the decisions of the Supreme Court above referred to, we are of opinion that all installments after the death of the beneficiary become assets of the estate of the insured, to be distributed to the heirs of the insured, in accordance with the intestacy laws of this State. The heirs of the insured at the time of his death were the two sisters and brother, and upon the death of the mother, the beneficiary, the entire amount provided for in the certificate became assets of the estate of the insured, to be distributed to these heirs, and, as we have said, these heirs were at that time the two sisters and brother, each of them being entitled to one-third of the amount upon the death of the beneficiary. If either of the distributees, under the law, thereafter died, the share of the one who died would descend to his or her heirs.

We find no error, and the judgment is affirmed.