HANSEN v. HADLOCK, State Bank Com'r, et al.

No. 5449. Decided October 21, 1935. (50 P. [2d] 417.)

*Will L. Hoyt,* of Nephi, for appellants.

*Lewis Larson,* of Manti, for respondent.

FOLLAND, Justice.

Plaintiff, as administrator of the estate of a World War veteran, sought by this action to have his deposit of war risk insurance funds in an insolvent bank declared a preferred claim and entitled to priority of payment out of the assets of the bank.

Orlando Hansen, plaintiff's intestate, was a soldier of the United States in the World War. He carried war risk insurance issued by the United States. His wife was named as beneficiary. On or about September 16, 1930, the veteran, his wife, and only child were killed as the result of a collision with a railway train. It was determined by the government, after investigation, that Hansen survived his wife. The insurance money was thereupon paid plaintiff as administrator of the estate of the veteran, and was. by him deposited in the North Sanpete Bank. The nature of the deposit and source of the fund were known to the bank officials. The bank became insolvent and was taken over by the state bank commissioner shortly after the money was placed on deposit. The assets of the bank were insufficient to pay all the creditors in full. Plaintiff filed his claim with the bank commissioner and demanded payment in full of the amount on deposit. The bank commissioner recognized the claimant as a general creditor entitled to share ratably with other depositors and refused to grant him preference. Thereupon the administrator commenced this action. After a trial judgment was rendered in favor of the plaintiff, the defendants appealed.

The facts are not in dispute. Only one question is presented for our decision and that is whether the proceeds of the war risk insurance deposited in the bank before it was closed are entitled to priority of payment out of the assets of the bank as a debt due the United States. The court held the claim to be preferred under the clause in section 3466, Revised Statutes of the United States, 31 USCA § 191, which provides that whenever any person indebted to the United States is insolvent the debt due the United States shall first be satisfied. The administrator contended that the money remained the property of the United States so long as it was subject to his control, he being a mere instrumentality of the government for the disbursement of the money to the beneficiaries entitled thereto.

Many of the state courts had considered the question and had reached different conclusions as to whether the proceeds of war risk insurance, after being received by guardians of veterans or administrators of estates of deceased veterans, continued to be the money of the United States, and for that reason payable first out of the assets of insolvent banks. See annotations in 83 A. L. R. 1090; *In re Estate of Hogan,* 77 Utah 486, 297 P. 1007. The Supreme Court of the United States, because of the conflict in decisions of the state courts, granted a writ of certiorari to review the decision in *Smith* v. *Spicer's Guardian,* 244 Ky. 68, 50 S. W. (2d) 64, and definitely determined the matter by its decision in *Spicer* v. *Smith,* 287 U. S. 590, 53 S. Ct. 96, 77 L. Ed. 515; Id., 288 U. S. 430, 53 S. Ct. 415, 77 L. Ed. 875, 84 A. L. R. 1525. In that case it was held that the guardian of a mentally incompetent World War veteran was not an agent or instrumentality of the United States, that a deposit by such guardian of war risk insurance proceeds in a bank, subsequently becoming insolvent, did not belong to the United States, and that the claim for the money so deposited was not entitled to priority in payment as money of the United States. It held that payment by the United States to the guardian vested title to the fund in the ward

and operated to discharge the obligation of the United States. Insurance money paid by the United States to an administrator of the estate of a deceased veteran is subject to the same rule.

The judgment is reversed, and the cause remanded to the district court of Sanpete county, with instructions to enter judgment that plaintiff's claim be paid ratably with other general creditors of the bank. Costs to appellants.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.