WADE *v.* WADE.

4-4096

Opinion delivered January 13, 1936.

*Jeff Bratton,* for appellant.

*J. C. Young, Jr.,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the Eastern District of Craighead County adjudging to appellee the sum of $2,885 received by appellant from the Federal Government on two insurance policies of war risk insurance issued to T. J. Wade by the Government. The facts are undisputed, as reflected by the following statement signed by the attorneys for appellant and appellee and adopted by the trial court as the bill of exceptions in the case:

"Frank Wade, now deceased, had a son, T. J. Wade, who held two Government insurance policies of war risk insurance.

"T. J. Wade died in 1918, and the insurance was thereafter paid to his father, Frank Wade, in accordance with Federal statutes, until March, 1934, at which time the father, Frank Wade, also died, leaving surviving him his widow, Mrs. Pink Wade; three sons, F. W. Wade, Eulus Wade and France Wade, and one daughter, Mrs. Alex Gamble. The widow, Mrs. Pink Wade, is not the mother of T. J. Wade, deceased, or the three other sons and the daughter of Frank Wade, deceased. After the

death of Frank Wade his widow, Mrs. Pink Wade, administered on his estate, and F. W. Wade administered upon the estate of his brother, T. J. Wade, deceased.

"At the time of the death of Frank Wade, the father of F. W. Wade, Eulus Wade, France Wade and Mrs. Alex Gamble, there remained unpaid of the insurance policy payable by the Government under the policies issued to T. J. Wade the sum of $2,775. Frank Wade, before his death, made a will in which he willed his wife, Mrs. Pink Wade, the insurance payable under the policies of his deceased son, T. J. Wade. This will was contested both in the probate court of the Eastern District of Craighead County and also the circuit court of the Eastern District of Craighead County, and on the 24th day of September, 1934:

"The matter was submitted to a jury in the circuit court to answer the following interrogatory: 'Was the testator of sound and disposing mind at the time of the execution of the will?' The answer to that interrogatory by nine jurors was 'Yes'; and upon that verdict the circuit court ordered that the will of Frank Wade, deceased, be admitted to probate and recorded as the last will of Frank Wade, deceased.

"F. W. Wade, administrator of the estate of T. J. Wade, received from the Federal Government the insurance payable upon the policies issued to T. J. Wade, deceased, in the sum of $2,775, and Pink Wade, executrix of the estate of Frank Wade, deceased, brought suit in the circuit court for the Lake City District of Craighead County against F. W. Wade, administrator of the estate of T. J. Wade, deceased, to recover the amount of said insurance, and on the 25th day of February, 1935, the circuit court rendered the following judgment, to-wit:

"On this the 25th day of February, 1935, this cause coming on to be heard, the plaintiff appearing by an attorney, and answered ready for trial. Thereupon the cause was heard before court sitting as judge and jury, and, having heard the evidence adduced and argument of counsel, it is the opinion of the court that the claim of the plaintiff in the sum of $2,885 against the estate of T. J. Wade be allowed.

"It is therefore ordered and adjudged by the court that the plaintiff do, have and recover of and from the defendant the sum of $2,885, together with all her costs herein expended for which execution may issue.

"(Signed)   G. E. Keck,
"Circuit Judge.

"From the foregoing judgment, this appeal is taken and the question presented upon appeal in this cause is: Whether the insurance payable at the death of Frank Wade should be paid to the administrator of the estate of T. J. Wade, deceased, to be distributed by said administrator to the brothers and sister of T. J. Wade, deceased, F. W. Wade, Eulus Wade, France Wade and Mrs. Alex Gamble, or should it have been paid to Mrs. Pink Wade, executrix of the estate of Frank Wade, deceased, who had been drawing the insurance as the father of T. J. Wade, deceased? The said Mrs. Pink Wade being named as beneficiary under the will of Frank Wade, deceased.

"It is agreed by the attorneys of record for the plaintiff and the defendant that this statement of facts shall constitute a bill of exceptions, and that this cause may be submitted in the Supreme Court upon this agreed statement of facts, the same being treated as a bill of exceptions.

"Witness our hands on this, the 20th day of June, 1935.

"J. C. Young, attorney for Mrs. Pink Wade, executrix of the estate of Frank Wade, deceased.

"(Signed): Jeff Bratton, attorney for F. W. Wade, administrator of the estate of T. J. Wade, deceased.

"The above and foregoing agreed statement was this day presented to me for approval as a bill of exceptions, and after due examination thereof, I hereby approve of the same to be used as a bill of exceptions in the above-entitled cause.

"Given under my hand on this, the 22nd day of June, 1935.

"(Signed) G. E. Keck, Judge of the Second Judicial District."

10

T. J. Wade, the insured veteran, died intestate in 1918. The father, Frank Wade, died in 1934. In the interim, Frank Wade received from the United States Government the monthly or installment payments accruing under the policies pursuant to the law governing the United States Government war insurance. Upon his death, the balance due under the policies was paid to appellant.

The question to be determined on this appeal is, to whom appellant should pay the amount received by him from the Government? The intestacy statute of this State applicable, is the second subdivision of § 3471 of Crawford & Moses' Digest.

Under this statute, the father of the intestate, Frank Wade, was his sole and only heir in 1918 when he died. If the estate of the intestate is to be administered as of that date, his father acquired a vested estate in the balance due under the policies and could will it to whomsoever he pleased. His father chose to will it to his wife, Mrs. Pink Wade, appellee herein. This will was contested on the ground that Frank Wade was of unsound mind at the time he executed his will, but the will was upheld by the court and duly probated. The only question then is as of what date the estate should be administered, whether of the date of the death of the intestate or of the date of the death of his father, Frank Wade. This question was considered and decided in the case of *Singleton* v. *Cheek,* 284 U. S. 493, 52 S. Ct. 257, 81 A. L. R. 923, on writ of certiorari to the Supreme Court of the State of Oklahoma. The case referred to is similar to the case at bar. The Supreme Court of the United States said (quoting syllabi 2 and 3):

2. "War risk insurance installments, whether accruing before or after beneficiary's death, became assets of estate of insured on instant of his death (World War Veterans' Act 1924, § 303, as amended by act March 4, 1925, 38 USCA, § 514).

"Such installments became assets of estate of insured to be distributed to his heirs in accordance with intestacy laws of State of his residence, in view of World

War Veterans' Act 1924, § 303, as amended by act March 4, 1925, c. 553, 43 Stat. 1302, 1310 (38 USCA, § 514)."

3. "Heirs of insured soldier entitled, on his death, to war risk insurance installments, should be determined as of date of insured's death, not date of beneficiary's death (World War Veterans' Act 1924, § 303, as amended by act March 4, 1925, 38 USCA, § 514)."

No error appearing, the judgment is affirmed.