**UNITED STATES of America,**
**Plaintiff,**

**v.**

**William C. NORMAN, Individually and as Executor of The Last Will and Testament of Mildred B. Norman; Lawrence H. Norman; Judith Adelaide Graves, and Joseph Samuel Hammond, Defendants.**

**No. 872.**

United States District Court
W. D. Arkansas,
El Dorado Division.

June 17, 1960.

Chas. W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for plaintiff.

Arnold & Hamilton, Crossett, Ark., for William C. Norman, Lawrence H. Norman, Judith Adelaide Graves and William C. Norman, executor, defendants.

Spencer & Spencer, El Dorado, Ark., for Joseph Samuel Hammond, defendant.

HENLEY, District Judge.

This is an interpleader action brought by the Government to determine ownership of the balance of the proceeds of a National Service Life Insurance policy on the life of Mildred Norman Hammond remaining unpaid upon the death of the named beneficiary, Mildred B. Norman. The case has been submitted upon the pleadings, a stipulation of facts, and written briefs.

The defendants, William C. Norman, Lawrence H. Norman, and Judith Adelaide Graves, are the surviving heirs at law of the insured, and, as such, claim the

fund in controversy in its entirety.[1] The defendant Joseph Samuel Hammond, the surviving husband of the insured, claims one-half of the fund as curtesy under the provisions of Ark.Stats.1947, § 61–228.

The policy in suit was issued to Mildred Norman Hammond, a member of the armed forces of the United States, on November 1, 1943, and the insured's mother, Mrs. Mildred B. Norman, was named as sole beneficiary. The insured named no contingent beneficiary and elected no mode of settlement. On January 5, 1951, the insured died intestate and without issue, leaving as survivors her husband, her mother, William C. and Lawrence H. Norman, her brothers, and Judith Adelaide Graves, a niece.

Following the death of the insured, the named beneficiary elected to receive the proceeds of the policy in 120 monthly installments of $48.05 each. After receipt of 80 of those installments the beneficiary died.

The governing federal statute, which now appears as 38 U.S.C.A. § 717(d), provides that if a designated beneficiary, not entitled to a lump sum settlement, survives the insured, but dies before receiving all of the benefits due and payable, "the commuted value of the remaining unpaid insurance (whether accrued or not) shall be paid in one sum to the estate of the insured." Essentially the same provision appeared in the Act of March 4, 1925, 43 Stat. 1310, and was carried forward into the 1926 edition of the United States Code as § 514 of Title 38.

■ The right to receive the proceeds of government insurance rests basically upon federal statutes. But the Congress, in providing that the commuted value of installments remaining unpaid at the death of the named beneficiary shall be paid in a lump sum to "the estate of the insured" has referred to State law. In determining who is to share in the estate of the insured, the applicable law is that of the State of the insured's residence or domicile at the time of his death, and rights to participate in the payment must be determined as of the time of the death of the insured, not as of the time of the death of the beneficiary named in the policy. Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419; United States v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44; Condon v. Mallan, 58 App.D.C. 371, 30 F.2d 995; Wade v. Wade, 192 Ark. 7, 90 S.W.2d 214, certiorari denied 299 U.S. 548, 57 S.Ct. 11, 81 L.Ed. 404; Jones v. Jones, 186 Ark. 359, 53 S.W.2d 586. Since it has been stipulated that Mildred Norman Hammond was a domiciliary of Arkansas at the time of her death, the rights of the parties to this action must be determined by Arkansas law.

Section 61–228, Ark.Stats.1947, provides that upon the death of a married woman, intestate and without issue, her husband is entitled to "one-half of her real property in fee and one-half of her personal property absolutely." Section 61–229 denominates the husband's interest in his wife's estate as "curtesy," although it differs radically from the "right of curtesy" as known to the common law. Section 61–232 recites that the purpose of the preceding sections was "to give a surviving husband the same interest in the deceased wife's estate as a widow now has in the estate of her husband * *."

Section 61–202, Ark.Stats.1947, provides that a widow shall be endowed from the personal estate "whereof the husband died seized or possessed," and Section 61–203 provides that the personal estate shall include bonds, bills, notes, books, accounts, and evidences of debt.

The parties are in agreement that their conflicting claims must be resolved

---

[1]. The defendants just named are likewise the sole beneficiaries under the will of Mildred B. Norman who, as stated, was named as the beneficiary in the policy. However, the Normans and Mrs. Graves do not claim to be entitled to the proceeds of the policy by virtue of Mrs. Norman's will nor by virtue of the fact that they appear to be her sole heirs at law.

in the light of the Arkansas statutes just mentioned, but they differ sharply as to the proper application of those statutes to the stipulated facts.

It is argued by the heirs that the insured was not "seized or possessed" of any interest in the proceeds of the policy at the time of her death, and that the commuted value of the unpaid installments is not subject to any claim of curtesy on the part of the husband.

The husband contends, on the strength of Childers v. Pollock, 178 Ark. 1031, 13 S.W.2d 8, that the proceeds of the policy vested in the estate of the insured at the instant of her death, subject to be divested by the continued life of and receipt of payments by the named beneficiary, and that such proceeds are subject to curtesy.

In Childers the mother of the insured was named as the beneficiary of his war risk insurance policy. The insured died in 1918, and the named beneficiary died in 1927 without having received all of the monthly payments called for by the policy. It was held that the surviving widow was entitled to dower out of the remaining proceeds of the policy. The Court said (at pages 1032 and 1033 of 178 Ark., at pages 8, 9 of 13 S.W.2d):

"Appellant is the administrator of the estate of Perry Childers, deceased, and appellee is his widow. The court held that appellee is entitled to dower in this part of decedent's estate. We agree that this is correct. At common law the widow took dower in the real estate of her husband only, but the term 'real estate' included both corporeal and incorporeal hereditaments. R. C. L., p. 578. Under our statute, (section 3535, C. & M. Digest), 'a widow shall be entitled, as part of her dower, absolutely and in her own right, to one-third part of the personal estate, including cash on hand, bonds, bills, notes, book accounts and evidences of debts, whereof the husband died seized or possessed.' This court has held that a widow is entitled to dow-

er in a gift *causa mortis* of the husband. Hatcher v. Buford, 60 Ark. 169, 29 S.W. 641, 27 L.R.A. 507; and in Tatum v. Tatum, 174 Ark. 110, 295 S.W. 720, 53 A.L.R. 306, it was held that 'the inchoate right of dower is more nearly like the interest of a contingent remainderman,' and that 'the inchoate rights of the wife are as much entitled to protection as the vested right of the widow.' In that case it was held that, where the husband had conveyed land by deed, in which the wife did not join to convey her inchoate right of dower, and the grantees had discovered oil therein, the wife had a contingent interest which should be protected. Here the husband died leaving a policy of insurance, one-fourth of which was made payable to his mother in installments so long as she might live, and, at her death, the balance, if any, to his estate. On his death his estate was immediately seized of the possibility that a portion of that fund would come to his estate, *not as a remainder or reversion*, but as a certainty, provided the fund was not consumed by the payment of installments during the lifetime of the mother. In other words, this possibility was an asset of the estate—personal property belonging to the estate, in which the widow was entitled to her dower interest when realized. If the mother had predeceased her son, and no change had been made in the beneficiary, it could hardly be said that appellee would not be endowed in that part going to the estate. Or, had she died one day thereafter, before any installments had been paid to her, the result would be the same. Being personal property of the estate, the appellee is entitled to dower, and the judgment is affirmed." (Emphasis supplied.)

Bearing in mind that under Arkansas law, with certain exceptions not here pertinent, a husband has the same rights in the property of his deceased wife

that a widow has in the property of her husband, it is clear that Childers is directly in point and supports the husband's position.

The heirs make no attempt to distinguish Childers from the instant case factually. They do contend that the later Arkansas decisions in Davis v. Davis, 219 Ark. 623, 243 S.W.2d 739, and Howze v. Hutchens, 213 Ark. 52, 209 S.W.2d 286, have either overruled the Childers case by implication or have so seriously impaired its authority that it is no longer a guiding precedent. The Court does not agree.

Neither Davis nor Howze involved a government insurance policy, and neither laid down any new Arkansas law. Long before Childers was decided it was a firmly established principle in Arkansas that a surviving spouse had no right of dower or curtesy with respect to any property unless at the time of the death the deceased spouse had actual seizin or the right of possession of such property. Earlier Arkansas cases so holding, and with which the Justices deciding Childers presumably were familiar, are: Bogy v. Roberts, 48 Ark. 17, 2 S.W. 186; Owens v. Jabine, 88 Ark. 468, 115 S.W. 383; McGuire v. Cook, 98 Ark. 118, 135 S.W. 840; Field v. Tyner, 163 Ark. 373, 261 S.W. 35. Davis and Howze simply reaffirmed that principle. In Davis said principle was applied to a reversion, and in Howze it was applied to a remainder.

Davis and Howze would be in point here if the interest of the insured's estate in the proceeds of the policy amounted to a remainder or a reversion. But the characterization of that interest is a question of State, not federal law; and, unfortunately for the heirs, the Supreme Court of Arkansas in Childers stated definitely that such interest was not a remainder or a reversion. In view of that characterization, it is clear that Childers is not in conflict with the earlier or later Arkansas decisions that have been mentioned, and it stands as the last word of the Supreme Court of Arkansas on the specific problem with which the Court is confronted.

The United States Attorney will please prepare and present a precedent for a judgment awarding one-half of the fund to Mr. Hammond and the other half to the heirs. Such precedent should be submitted to other counsel in the case for approval as to form before it is presented to the Court.