## CONDON v. MALLAN.

Court of Appeals of District of Columbia. Submitted November 5, 1928. Decided February 4, 1929.

No. 4773.

Robert P. Lewis, of Atlantic City, N. J., for appellant.

Blaine Mallan, of Washington, D. C., in pro. per.

Before MARTIN, Chief Justice, ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal involves the disposition to be made of the balance of the proceeds of a policy of war risk insurance upon the death of the beneficiary named in the policy. William Andrew Gill, formerly an admiral in the United States Navy, in January, 1918, applied for and obtained renewable term war risk insurance in the sum of $10,000, and named his wife the beneficiary, with no alternate beneficiary.

Admiral Gill died November 18, 1918, and his widow received the benefits of the insurance in monthly installments from that date until she died intestate August 6, 1927. At the time of the widow's death, there remained a balance of the proceeds of the policy of $6,407, which was paid by the Veterans' Bureau to the administrator of the husband's estate, as authorized by section 14 of the Act of Congress of March 4, 1925, 43 Stat. 1310 (38 USCA § 514), as follows: "When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person."

Admiral Gill left surviving him his widow and two sisters, of whom appellant is one, and three half-sisters. The widow, at her death, left surviving her a daughter by a former marriage. The single question for determination is: Who are the parties entitled to the insurance fund?

The probate court adjudged the step-daughter entitled to one half of the fund, and that the other half be distributed in equal shares between the sisters and half-sisters of the decedent. From the order this appeal was taken.

In his application for insurance, Admiral Gill specified that, "in case any beneficiary dies or becomes disqualified after becoming entitled to an installment but before receiving all installments, the remaining installments are to be paid to such person or persons within the permitted class of beneficiaries as may be designated in my last will and testament, or in the absence of such will, as would under the law of my place of residence be entitled to my personal property in case of intestacy."

The insured died intestate, and his estate, which consisted of the insurance money, vested in his heirs at law and next of kin. He was a resident of the District of Columbia at the date of his death; hence the law of the District is controlling in this case.

Section 376 of the Code, relative to the disposition of an intestate's estate, provides: "If there be a widow or surviving husband, and no child or descendants of the intestate, but the said intestate shall leave a father or mother, or brother or sister, or child of a

brother or sister, the widow or surviving husband shall have one-half."

Section 385 of the Code provides: "If any person entitled to distribution shall die before the same shall be made, his or her share shall go to his or her representatives."  We think there is little room for argument in this case. The distributees are to be determined as of the date of the death of Admiral Gill. Woodworth v. Tepper et al., 152 Md. 332, 136 A. 536, 55 A. L. R. 578; In re Storum's Estate, 220 App. Div. 472, 221 N. Y. S. 775. Reverting to the statutes of the District, the widow on the death of her husband was a distributee of one-half of his personal estate. Owing to her being the beneficiary, this portion could not be ascertained until her death. Her estate then became entitled to her share, and her next of kin, her daughter, inherited her estate.

It appears, therefore, that the disposition made by the court below is a proper one. After payment of the expenses of administering the estate, one half of the balance of the fund should be distributed to the daughter of the deceased widow, and the other half to the sisters and half-sisters of Admiral Gill.

The judgment is affirmed, with costs.