169 So. 440

Succession of JONES.

No 33427.

May 25, 1936.

Rehearing Denied June 30, 1936.

B. D. Talley, of Bogalusa, for appellant Christine Jones.

M. I. Varnado, of Bogalusa, for appellee Theodore T. Jones, administrator.

H. H. Richardson, of Bogalusa, curator ad hoc.

HIGGINS, Justice.

This is a contest over the proceeds of war risk insurance presented by an opposition to the final account of the administrator, filed by the deceased soldier's alleged legitimated and acknowledged minor daughter.

The trial judge rejected the demands of the minor and dismissed her opposition.

It appears that, because of the amorous relations between Irvin Lee or Ivan L. Jones, the deceased World War veteran, and Nancy Williams, Christine Jones was born on September 16, 1916, out of wedlock, and that in order to legitimate the child, he married her mother on October 15, 1916. The young parties then lived together as man and wife and were never divorced. The deceased verbally acknowledged the little girl as his child, recognizing her as such by giving her his name, publicly introducing her in the community as his daughter, and taking her to the home of his mother. On May 29, 1917, he entered the United States Army and took out a policy of war risk insurance in the sum of $10,000, naming his mother as beneficiary. The policy of insurance was issued during the soldier's marriage to Nancy Williams and the premiums were paid by deducting the necessary amount from his earnings as a soldier in the United States Army, until the time of his death in France on November 5, 1918. From that date, until the death of the beneficiary on July 3, 1933, the regular monthly installments due under the policy were paid to his mother. (Prior to the date of the soldier's death, his father died.) Theodore T. Jones, a brother of the deceased soldier, applied for letters of administration of the soldier's succession, and, after having qualified as such, collected the balance due under the policy amounting to the sum of $3,367. The administrator filed a final account in which he proposed to pay this money to the brothers and sisters and their descendants, as the sole heirs of the deceased soldier.

Christine Jones, through a curator ad hoc appointed by the court, filed an opposition to the final account, alleging that she was the legitimated child of the deceased soldier and Nancy Williams, entitled to inherit the funds from them, and, in the alternative, if she was declared not to be

the legitimated child of the deceased, she was the natural and duly acknowledged child of her mother, Nancy Williams, widow of deceased, and, therefore, entitled to her undivided one-half of the proceeds of the policy which formed a part of the community of acquets and gains existing between her father and her mother, and to one-half of the father's half interest in the community, as heir of her mother, under article 915, R.C.C., as amended by act No. 160 of 1920.

The pertinent part of the Act of Congress on this subject reads, as follows:

"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable." (38 U.S. C.A. § 514.)

In the case of Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 259, 76 L.Ed. 419, 81 A.L.R. 923, in dealing with the subject of "war risk insurance," the Supreme Court of the United States said:

"All installments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, as a result, became assets of the estate of the insured upon the instant of his death, *to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary.*" (Italics ours.)

See, also, Turner v. Thomas (Tex.Civ. App.) 30 S.W.(2d) 558; United States v. Robinson (C.C.A.) 40 F.(2d) 14; United States v. Rose (Tex.Civ.App.) 57 S.W.(2d) 350; Condon v. Mallan, 58 App.D.C. 371, 30 F.(2d) 995; and Battaglia v. Battaglia. (Tex.Civ.App.) 290 S.W. 296.

■■■ Therefore, the claims of the respective parties will be determined by the laws of descent of this state, where deceased was domiciled as of the date of the insured soldier's death. The marriage records of the parish of Washington show that the deceased and Nancy Williams were married on October 15, 1916. They did not enter into a marriage contract stipulating against the laws with reference to the community of acquets and gains. Under the laws of this state, an insurance policy taken out during the marriage by the husband and payable to his estate becomes a community asset. Succession of Buddig, 108 La. 406, 32 So. 361; Succession of Le Blanc, 142 La. 27, 76 So. 223, L.R.A.1917F, 1137.

Under the provisions of the Act of Congress, the unexpended balance of the proceeds of the policy form an asset of the estate of the insured. Consequently, the fund in question belonged to the community of acquets and gains existing between the deceased soldier and his wife. She was alive at the time of his death and, under the express language of the Act of Congress, her rights with reference to the un-

expended balance are to be determined as of the date of his death. She was entitled to an undivided one-half thereof as the surviving spouse in community.

■ Counsel for the administrator argues that, since the evidence shows Nancy Williams Jones, wife of the deceased, entered into a bigamous marriage a few months before her husband's death and had issue of that union, that she would be estopped to claim her interest in the community. He cites no authority in point. In the instant case, it was not shown whether or not the wife knew that her husband was still alive at the time she entered into the marriage. Even if she did, we may point out that her child, Christine Jones, is the one claiming the funds and not her deceased mother. Therefore, it is difficult to see how the rule of estoppel would operate against her, when she was guilty of no wrongdoing. The sins of the parents may be visited upon their children, but certainly not in this respect. The plea of estoppel is without merit.

■■ Having concluded that the fund in question belonged to the community of acquets and gains, we must now consider how it is to be distributed under the intestacy laws of Louisiana. There is no doubt that Christine Jones is the natural, acknowledged child of her mother and father. Taylor v. Allen, 151 La. 82, 91 So. 635; Murdock v. Potter, 155 La. 145, 99 So. 18; Ford v. Calhoun, 6 La.App. 350; Succession of Falls, 2 La.App. 759. It is clear that she does not enjoy the status of a legitimated child, because her parents did not acknowledge her by notarial act before two witnesses, or marriage contract before the marriage. Van Dickson et al. v. Mayfield, 158 La. 529, 104 So. 315; Succession of Yoist, 132 La. 309, 61 So. 384; R.C.C. arts. 198, 200.

Duly acknowledged natural children inherit from the succession of their natural mother, to the exclusion of her father and mother and other ascendants. or collaterals or lawful kindred. R.C.C. art. 918.

Duly acknowledged natural children inherit from the succession of the natural father, but not to the exclusion of ascendants and collateral relations. R.C.C. art. 919.

■ Christine Jones, an acknowledged, natural child, inherited her mother's undivided one-half interest in the community, because she left no legitimate descendants, and no civil effects can flow from a bigamous union which excludes children born of that illicit relationship. Marshall v. Smedley, 166 La. 364, 117 So. 323.

■ Since the deceased soldier left only a surviving mother but no legitimate descendants under the provisions of article 915, R.C.C., as amended by Act No. 160 of 1920, the deceased soldier's widow in community inherited one-half of the deceased husband's half of the community of acquets and gains. Christine Jones also inherited this one-fourth of the total community through her mother. She is therefore entitled to receive three-fourths of the community or three-fourths of the fund of $3,-367. The deceased soldier's mother being

alive at the time of his death and under the Act of Congress her rights being determined as of that date, she inherited one-half of his half interest in the community of acquets and gains under article 915 of the Revised Civil Code, as amended by Act No. 160 of 1920. Her legitimate children, the brothers and sisters of the deceased soldier, and their ascendants, inherited one-half of his half community interest or one-fourth of $3,367.

For the reasons assigned, the judgment appealed from is annulled and set aside and it is now ordered, adjudged, and decreed that Christine Jones be recognized as heir of her deceased mother, Nancy Williams, widow of Irwin Lee or Ivan L. Jones, entitled as such to three-fourths of the balance of the proceeds of the insurance policy amounting to $3,367, and the children of Mrs. Millie Cooper Jones, or their descendants, be recognized as her heirs, entitled as such to one-fourth of the balance of the proceeds of the policy amounting to the sum of $3,367.

It is further ordered, adjudged, and decreed that the opposition of Christine Jones be sustained and the final account be amended in the foregoing respects, and, as thus amended, approved and homologated, and the case is now remanded to the district court for the purpose of further proceedings and administration of the succession, consistent with the views herein expressed and according to law; the appellee to pay all costs of the appeal.

O'NIELL, C. J., absent.