LAND, Justice.
 

 This is the third appeal to this court in connection with litigation over the proceeds of war risk insurance left by Ivan (Irwin) Lee Jones, a deceased World War Veteran.
 

 I (1) In the first appeal, Succession of Jones, 185 La. 377, 169 So. 440, Theodore T. Jones, a brother of the deceased soldier, and administrator of his estate, filed a final account in which he proposed to pay the insurance to the brothers and sisters of decedent, and their descendants, as the sole heirs of Ivan (Irwin) Lee Jones.
 

 Christine Jones, an illegitimate minor child, filed an opposition to the final account, claiming that she was entitled to participate in the proceeds of the war risk insurance left by her father, who had married the mother of Christine Jones, after her birth.
 

 On appeal from judgment rejecting her demands and dismissing her opposition, the judgment of t.he lower court was reversed.
 

 It was held by the court that Christine Jones was the natural, acknowledged child of her mother and father, and, under all of the facts of the case, that she was entitled to three-fourths of the balance of the proceeds of the insurance policy amounting to $3,367, or to the sum of $2,525.25, as her part of the proceeds.
 

 Her opposition to the final account was sustained, the account was amended, and, as amended, approved and homologated, and the case was remanded to the district court for further proceedings and adaministration of the succession.
 

 The judgment for $2,525.25 in favor of the appellant, Christine Jones,
 
 became final on June 30, 1936,
 
 the day on which rehearing was refused by this court.
 

 (2) In the second appeal, Succession of Jones, 189 La. 693, 180 So. 489, an action was brought by Christine Jones, then the wife of Ralph Booty, against the administrator of the succession of her father to recover from him, in his capacity as such, and individually, the sum of $2,525.25, plus 20 per cent penalty and interest, for having illegally paid her three-fourths share of her inheritance in the proceeds of her father’s war risk insurance to other heirs, while her appeal from the decision of the lower court overruling her opposition to the administrator’s final account was pending in this court.
 

 The defendant answered, admitting that he had failed to recognize the plaintiff as an heir on his final account and tableau of distribution, which was -amended and homologated by the trial court, and that a suspensive and devolutive appeal were applied for, but avers that only the devolutive ap
 
 *365
 
 peal was perfected, and that after the delays for perfecting a suspensive appeal had expired and none had been perfected, he paid out the funds in accordance with the judgment of the district court, while the devolutive appeal was pending.
 

 As shown by the opinion in the second appeal in Succession of Jones, 189 La. 693 at page 697, 180 So. 489, at page 490:
 
 "The case was submitted on the entire record of the succession proceedings, including those of the instant case,
 
 and judgment was rendered in favor of the defendant, rejecting the plaintiff’s demand.”
 

 In the second appeal, having reached the conclusion that the appeal in the first appeal was a suspensive and not a devolutive one, and the administrator having admitted that he paid all of the funds out, while the first appeal was pending, to other parties, without retaining enough to satisfy the plaintiff’s claim, judgment was rendered in favor of Christine Jones, wife of Ralph Booty, and against Theodore T. Jones, individually and as administrator of the succession of Ivan (Irwin) Lee Jones, in the sum of $2,525.25, with legal interest from date of judicial demand until paid,
 
 and with full reservation of her rights to proceed in an appropriate action against the sureties on the bond of Theodore T. Jones, administrator of the Succession of Ivan (Irwin) Lee Jones.
 
 Rehearing was refused
 
 April 4, 1938, and on that day this judgment became final.
 

 After nulla bona execution against the administrator, Christine Jones Booty filed suit against the sureties on his official bond
 
 on April 28, 1938.
 

 (3) The third appeal in this case, now before us, deals with the issues and pleadings connected with the suit against the sureties on the official bond of the administrator brought by Christine Jones Booty, wife of Ralph Booty.
 

 In her suit against the sureties; plaintiff alleges that judgment had been obtained against the administrator of the estate of Ivan (Irwin) Lee Jones, and that the return on the writ of fieri facias was nulla bona.
 

 That the administrator gave bond in the sum of $5,000; that the sureties on the bond, S. D. Sheridan, G. B. Sheridan, J. K. Jones, O. M. Sheridan and C. A. Stewart, each bound themselves in the full sum of $1,000.
 

 That the conditions and obligations of the bond were that the administrator would well and faithfully administer the estate and satisfy all legal claims and well and truly distribute the funds of the estate in the manner provided by law and the orders of the court.
 

 That the administrator of the estate has not administered the estate according to law and has not distributed the funds in accordance with law.
 

 That in the final judgment for $2,525.25 rendered against the administrator in her favor by this court,
 
 her rights were specifically reserved to proceed against the sureties on the bond of the administrator,
 
 ■and that under the statutes of the State she has a right to proceed for the payment of her judgment, interest and costs.
 

 That the bond and the accompanying affidavits of the sureties as to the worth
 
 *367
 
 of each of them, above all debts, liabilities and exemptions, were regularly recorded in the records of Washington Parish on January 17, 1934, and constitute a mortgage upon the property of the sureties, defendants herein, to the extent of the bond, on the faith of the affidavits made by the sureties.
 

 In paragraph XVI of the petition it is alleged :
 

 “Petitioner annexes hereto and makes a part hereof all of the records in the succession of Ivan (Irwin) Lee Iones,
 
 No. 927 of the 22nd Judicial Court in and for Washington Parish, Louisiana, as fully and completely as though they were copied herein.”
 

 Petitioner also annexes to the petition and makes part of same the original bond with the original signatures of the sureties, showing recordation, as fully and completely as though copied herein in its en'irety.
 

 Petitioner prays that defendants be cited, and after due proceedings had for judgment in her favor and against defendants, individually and in solido in the full sum of $2,525.25, together with legal interest thereon from October 13, 1936, until paid, together with all costs, limiting the liability of the sureties to $1,000, and without right on the part of the sureties to demand the discussion of the property of the principal debtor or of any of the other sureties, and reserving to petitioner the right to proceed in appropriate action against the parties to whom the money was paid.
 

 The sureties, defendants, filed exceptions of misjoinder of parties and of no right or cause of action, and an exception of vagueness, which were overruled.
 

 (4) Defendants then filed an answer, m which they allege that on the 7th day of June, 1938, by written instrument, and for a consideration of $500 cash in hand paid to Christine Jones Booty, the plaintiff herein, all claims, causes of actions and rights of whatever nature against defendants, urged, claimed- or possessed by Christine Jones Booty were compromised and settled, and that defendants were finally and completely acquitted and discharged by said compromise from any and all liability of whatever nature, and particularly from any and all liability growing out of or arising from the subject matter which is the basis of litigation against defendants in the above numbered and entitled cause.
 

 Defendants prayed that the compromise and settlement of .this litigation arrived at and reached by and between plaintiff, Christine Jones Booty and defendants, be decreed by the court to be sufficient and a bar to the further prosecution of this suit and that plaintiff’s suit be dismissed with cost.
 

 This answer was filed June 10, 1938. Annexed to the answer is a receipt in the" full sum of $500 in full settlement of the judgment, interest and cost of court rendered in the above numbered and entitled cause in favor of Christine Jones v. T. T. Jones, Administrator and individually.
 

 This receipt is of date June 7th, 1938, and purports to be signed by Christine Jones Booty, and was filed June 10, 1938.
 

 
 *369
 
 Annexed to the answer is also written authority, purporting to be signed by Christine Jones Booty, to dismiss the suit at the cost of plaintiff.
 

 The authority to dismiss the suit was filed June 20, 1938.
 

 (5) Bascom D. Talley was the attorney of record for Christine Jones in the first and second appeal, and is her attorney of record in the present suit against the sureties on the bond of the administrator.
 

 M. I. Varnado was the attorney of record for the administrator in the first and second appeal, and is the attorney of record for the sureties in the present suit against them.
 

 On April 15, 1936, Christine Jones entered into the following contract with Bascom D. Talley, her attorney of record:
 

 “Be it known, That I, Christine Jones, for and in consideration of legal services rendered and to be rendered,
 
 do by these presents assign, set over and subrogate unto Bascom D. Talley, attorney at law, Fifty Per Cent (50%) interest
 
 in and to my claim, in the case now pending in the Supreme Court of Louisiana entitled In the Matter of the Succession of Ivan (Irwin) Lee Jones. This assignment and subrogation is made for and in consideration of a contract of employment with the said Bascom D. Talley as Counsel in the above captioned suit on a contingent fee basis equal to, but not to exceed, 50% of whatever amount or amounts recovered in the matter by final litigation and execution or compromise. It is understood
 
 that no settlement or compromise will be accepted without the knowledge and consent of both myself and said attorney,
 
 and then by first deducting all expenses and costs. After deducting all expenses and costs the net proceeds to be divided .as set out herein.”
 

 Bascom D. Talley, attorney of record for Christine Jones Booty, intervened in her suit against the sureties, set up in the intervention the above contract for his professional services, and alleged that the contract was regularly filed with the Clerk of Court as required by law and was regularly served upon the administrator of the succession of Ivan (Irwin) Lee Jones and each one of the heirs, as required by law.
 

 Intervener alleges and shows'that notice of contract was acknowledged May 8, 1936, by M. I. Varnado, attorney for the Administrator, and who later became attorney for the sureties in the suit brought by Christine Jones Booty against them.
 

 Intervener also alleges and shows that notice of contract was also served upon every heir,
 
 including wives of two of the sureties.
 

 Intervener further alleges that the suit resulted in a judgment for Christine Jones and the case was remanded by the Supreme Court with instructions to the administrator to place her on the account for $2,525.25.
 

 That the administrator had paid out the funds while a suspensive appeal was pending and had no funds with which to pay her.
 

 That acting upon his contract of employment, intervener proceeded to file suit against the administrator as such and individually, and under the same contract of
 
 *371
 
 employment and in the same subject matter,, i. e., Succession of Ivan (Irwin) Lee Jones, proceeded to the Supreme Court again where judgment was again rendered in the same entitled cause, entitled Succession of Ivan (Irwin) Lee Jones, granting to Christine Jones a judgment for $2,525.25, together with legal interest as therein set out and for all costs,
 
 and reserving her rights of action to proceed against the bondsmen on the administrator’s bond, which has become executory and res adjudicata.
 

 That intervener acquired by this judgment, and under the law, a fifty per cent (50%) interest in this judgment, which carried with it the right to proceed against the bondsmen for fifty per cent (50%) thereof,
 
 which is a vested interest.
 

 That in compliance with his contract of employment, intervener then filed suit in the same entitled and numbered case, Succession of Ivan (Irwin) Lee Jones, against the bondsmen for $2,525.25 with interest and costs.
 

 Charging the bondsmen had knowledge of his contract, and that the compromise pleaded by them was procured by acts and artifices of fraud, misrepresentation and error, intervener attacks the compromise as null and void and of no effect, and alleges that the money paid out under it is without legal effect because contrary to law and good ethics.
 

 Intervener also alleges
 
 that the documents of record, the record and pleadings filed in the matter of the Succession of Ivan (Irwin) Lee Iones, Probate Record No. 927, 22nd ludicial District Court, Washington Parish, La., as well as the pleadings, record and documents in the same matter and bearing docket No. 33427'
 
 (Succession of Jones, 185 La. 377, 169 So. 440)
 
 and docket No. 34414
 
 (Succession of Jones, 189 La. 693, 180 So. 489)
 
 are indisputable documentary proof of the allegations of this petition, "all being made part thereof as fully as though copied herein in full.”
 

 Intervener prays for judgment in his favor and against the sureties individually and in solido, in the sum of fifty per cent (50%) of the principal, interest and costs claimed by plaintiff, subject to the provisions that the bondsmen are to be liable up to the full extent of their bonds $1,000 each but no further, and without reserving to them the benefit of discussion or division between them as against intervener.
 

 (6) Act No. 124 of 1906, referring to the contract, says:
 

 “Either party to said contract shall have the right at any time to file same with the clerk of the District Court where the suit is pending or is to be brought, and to have a copy made and served on opposing party and due return made as in case of petitions in ordinary suits; from and after date of such service, any settlement, compromise, discontinuance or other disposition made of such suit or claim by either the attorney or the client without the written consent of the other,
 
 shall be null and void, and such suit or claim shall be continued and proceeded with as if no such settlement or discontinuance had been made.”
 

 The contract between Christine Jones and her attorney, Bascom D. Talley,
 
 *373
 
 was filed with the clerk of court where the suit was pending on May 8, 1936, three years ago. On the same date, counsel for defendants accepted service of same. It was likewise served upon every heir, including wives of two of the sureties sued by plaintiff in this case.
 

 Defendants and their counsel had direct notice of the contract and are bound by it. See William Lampkins v. Vicksburg, Shreveport & Pacific Railroad Company, 42 La.Ann. 997, 1002, 8 So. 530; Stiles v. Bruton, 134 La. 523, 64 So. 399; Davis Finance & Securities Co. v. O’Neal, La.App., 160 So. 463.
 

 (7) Now, as to whether it is a contract coupled with an interest, the construction placed upon the contract by defendants’ own counsel is shown on one of the former appeals in this matter, Record 34414, Transcript page 37, where he says:
 

 “Defendant has been served with a certified copy of certain contract made and signed between Bascom D. Talley, Attorney, and Christine Jones, wherein the said Christine Jones
 
 assigned one-half interest in and to the claim, and the judgment secured thereby to the said Bascom D. Talley,
 
 and the said Bascom D. Talley
 
 is now the owner of one-half interest in the judgment which is the basis of this suit and is a necessary party plaintiff thereto
 

 It is provided by Act No. 124 of 1906 that:
 

 “In addition to the privileges enumerated in title twenty-first of the Civil Code of Louisiana, a special privilege is hereby granted to attorneys-at-law for the amount of their professional fees on all judgments obtained by them, and on the property recovered by said judgment, either as plaintiff or defendant, to take rank as a first privilege thereon. Provided, that, by written contract, signed by the client, attorneys-at-law may acquire as their fee in such matter an interest in the subject matter of the suit, proposed suit or claim, in the prosecution or defense of which they are employed, whether such suit or claim be for money or for property, real, personal or of any description whatever. And in such contract of employment, it shall be lawful to stipulate that neither the attorney nor the client shall have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of such suit or claim. Either party to such contract shall have the right at any time to file same with the clerk of the District Court where the suit is pending or is to be brought, and to have copy made and served on the opposing party and due return made as in case of petitions in ordinary suits; from and after the date of such service, any settlement, compromise, discontinuance or other disposition made of such suit or claim by either the attorney or the client without the written consent of the other, shall be null and void, and such suit or claim shall be continued and proceeded with as if no such settlement * * * had been made."
 

 (8) Defendants, sureties on the administrator’s bond, filed a plea of estoppel on the ground that Bascom D. Talley, intervener, had failed in the two suits in this court, in which he had obtained judgment, to disclose the fact that he had any contract
 
 *375
 
 of employment with Christine Jones, and that because of the laches of intervener in this respect, defendants were led to believe that Christine Jones was the sole owner of the judgment obtained, and that defendants were led to believe that Bascom D. Talley, attorney of record, had no interest in the cause, and that he has caused defendants to place themselves in a position disadvantageous to themselves.
 

 There is annexed to the answer of defendants, .sureties, a receipt for $500 in full settlement of the judgment obtained in favor of Christine Jones against the administrator, as such, and individually.
 

 There is also annexed to this answer a motion to dismiss the suit at the cost of plaintiff because of the settlement made with her by defendants.
 

 It is true that this motion is signed by plaintiff; but, at no time, was it set down for a hearing and acted upon by the trial judge.
 

 The' holding of the trial judge that the mere filing of-this motion, without any action upon it by the court, had the effect, ipso facto, of dismissing the suit against the sureties, is, in our opinion, clearly-erroneous, and particularly so, in view of the fact, that after the compromise had been pleaded by- defendants, -Christine Jones Booty returned the full amount received to defendants, repudiated the compromise, and filed suit to set it aside.
 

 . In the petition of Christine Jones Booty for rule to set aside the compromise it is alleged:
 

 “That your movant had a regular and legitimate contract with her attorney, B. D. Talley, of the Firm of Talley & Richardson, in which your movant agreed to pay and did assign to the said Talley, fifty per cent (50%) or one-half (%) of any judgment recovered or amount collected, by suit, compromise or otherwise.
 

 “The said administrator and sureties,
 
 all having full and complete knozvledge of said contract.
 
 . *
 

 “That your movant relied upon the false representation made to your movant by the administrator and by his sureties above named,
 
 that movant’s attorney, Mr. Talley, had been paid, and that all cost had been settled
 
 and that the balance due to your movant was Five Hundred ($500.00) Dollars, which Five Hundred ($500.00) Dollars was offered to movant under said false representations, which your movant believed to be true and, so believing, accepted said money, and being thus deceived, signed a receipt for same.
 

 “That the above deceit and fraud was practiced and perpetrated upon your movant by the said administrator, Theodore T. Jones, and his sureties, C. A. Stewart, G. B. Sheridan, S. D. Sheridan, and O. M. Sheridan,
 
 with fall knozvledge of the contract between your movant and her attorney above named.
 

 “That your movant would never have settled or accepted the money tendered, had she been fully apprised of all of the facts in the premises.
 

 “That said administrator and his sureties having failed to secure a compromise on
 
 *377
 
 terms satisfactory to themselves with said attorney and unknown to your movant, did by collusion and fraud upon your movant, secure the receipt and purported settlement above referred to, together with written authority to dismiss suit and other writings filed herein, all to her injury and damage.
 

 "Wherefore Your Movant Prays:
 

 “I. That a rule issue herein citing the said Theodore T. Jones, as administrator and individually and the said C. A. Stewart, G. B. Sheridan, S. D. Sheridan and O. M. Sheridan as sureties, to show cause at a time and place named by the Court, why the purported settlement had with your movant by said administrator and sureties, should not be set aside as being fraudulent, null and void against your movant and her said attorney.
 

 • “II. Why the said Five Hundred ($500.-00) Dollars should not be credited upon the amount due your movant.
 

 “III. Why the motion to dismiss this suit, obtained by fraud from your movant, should not be declared null and void and of no effect.
 

 “IV. Why this case should not be reallotted to its proper place upon the docket and proceeded with to final determination.
 

 “V. Why the said administrator and his sureties should not be estopped by their own act to deny their own liability.
 

 “VI. Why movant should not have judgment herein against said sureties for the full amount due her viz.:
 

 “Twenty-Five Hundred Twenty-Five and 25/100 ($2,525.25) Dollars, interest and cost, in accordance with law.”
 

 This application for • rule was made on July 13, 1938, and on July 14, 1938, the trial judge issued a rule on defendants to show cause on July 25, 1938, at 10 a. m.; why the prayer of movant’s motion' shoüld not be granted. Defendants were duly cited.
 

 Plaintiff’s rule was never tried' upon its merits to ascertain if the compromise' and motion to dismiss were obtained by fraud and false representations by defendants,- as charged by movant. Nor was the intervention of plaintiff’s attorney, based upon similar allegations, ever tried upon its merits.
 

 Nor was plaintiff’s suit against the sureties ever tried upon its mérits.
 

 Everything was dismissed by. the trial judge upon the bald proposition that Article 491 of the Code of Practice provides:
 

 “The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs.”
 

 At the same time the trial judge declares in his written reasons:
 

 “When Plaintiff filed her motion to dismiss the suit on June 20, 1938,
 
 the motion was not acted upon by the Cowrt”;
 
 and, this being the case, necessarily the motion was subject to the attack made upon it by plaintiff and her attorney of record as having been procured by fraud and artifice on the part of defendants, the sureties.
 

 Besides, the allegations ’of' the intervention filed by the attorney of record for plaintiff show, clearly and positively, that the attorney under his contract with plaintiff, had acquired a final judgment for his client, and by this judgment, and under Act No. 124 of 1906, a fifty per cent (50%)
 
 *379
 
 interest in the judgment, which carried with it the right to proceed against the sureties on the bond of the administrator for fifty per cent (50%) thereof,
 
 which was a vested interest,
 
 which plaintiff, under her contract with her attorney, and under Act No. 124 of 1906, could not compromise, except with the written consent of her attorney, which was not given in the case.
 

 Besides, the allegations of the intervention filed by the attorney of record for plaintiff clearly and positively show that a copy of plaintiff’s contract with her attorney of record was served upon M. I. Varnado, attorney for the administrator, and also attorney for the sureties, and that copies of this contract were also served upon the wives of two of the sureties, who were absent from their residences at the time of service.
 

 These facts show, indisputably, that the sureties had knowledge of plaintiff’s contract for services with her attorney, at the time the compromise was entered into with plaintiff by defendants, whose plea of estoppel, is therefore without merit, since defendants acted in effecting the compromise with full knowledge of the existence of the contract; and were not taken by surprise, nor placed at any disadvantage, in procuring the compromise.
 

 (9) In addition to the motion to - dismiss filed by plaintiff, the defendants filed a motion, predicated upon that motion, to dismiss all proceedings filed since June 20, 1938, the date of the filing of the motion of plaintiff by the deputy clerk, Kendell E. North.
 

 We fail to find any minute entry showing that plaintiff’s motion to dismiss
 
 was filed in open court.
 
 There is no such entry.
 

 For the reasons already assigned, the motion filed by defendants to dismiss all proceedings filed since June 20, 1938, is without merit and is overruled.
 

 The judgment rendered by the trial judge in this case is as follows:
 

 “It is ordered, adjudged and decreed that there be judgment herein dismissing this suit of Christine Jones Booty as in case of
 
 non-suit,
 
 against C. A. Stewart, O. M. Sheridan, G. B. Sheridan, S. D. Sheridan and J. K. Jones, defendants and sureties on the bond of Theodore T. Jones, Administrator of the Succession of Ivan (Irwin) Lee Jones.
 

 “It is further ordered that plaintiff pay all cost of this proceeding.”
 

 As plaintiff is prosecuting this suit m forma pauperis, it is difficult to understand how plaintiff can be cast for costs in this case.
 

 It is more difficult to understand how a judgment for
 
 non-suit
 
 can be entered in the case, when the trial judge rests his decision upon a purported motion filed by plaintiff to dismiss the suit, when such motion has been attacked by plaintiff as having been procured by fraud and artifice by the defendants, and without any trial on the merits having been had in the lower court to decide such issue.
 

 
 *381
 
 Necessarily, a dismissal of the main action as of non-suit, carries with it the dismissal of the intervention filed by the attorney of plaintiff, in order to protect his contract with plaintiff for professional services.
 

 With the main action and intervention both dismissed, the motion filed by plaintiff attacking the compromise as fraudulently obtained, has no legal standing in court to support it, and must also be considered as dismissed by the judgment.
 

 For the reasons assigned, it is ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that this case be remanded to the lower court, and that the suit of Christine Jones Booty against C. A. Stewart, O. M. Sheridan, G. B. Sheridan, S. D. Sheridan and J. K. Jones, defendants and sureties on the bond of Theodore T. Jones, Administrator of the Succession of Ivan (Irwin) Lee Jones; that the Intervention Against The Bondsmen, filed by Bascom D. Talley, Attorney for plaintiff; and that the Motion of Christine Jones Booty for Rule, be reinstated upon the docket of the Twenty-Second Judicial District Court, in and for the Parish of Washington, to be proceeded with in due course' and consistent with the views herein expressed.
 

 It is further ordered that C. A. Stewart, O.M. Sheridan, G. B. Sheridan, S. D. Sheridan, and J. K. Jones, defendants and sureties on the bond of Theodore T. Jones, Administrator of the Succession of Ivan (Irwin) Lee Jones, pay the costs of this appeal, and that all other costs await the final judgment in this case.