BOLIN, Judge.
This is a petitory action wherein plaintiff asserts title to a tract of land situated' in Claiborne Parish, Louisiana, described as follows:
The West One Half (W Vz) of the Northeast Quarter (NE J4) and the East Quarter (E %) of the East Half (E 1/2} of the Northwest Quarter (NW 14)> Section 12, Township 23 North, Range 7 West, Claiborne Parish, Louisiana, containing 100 Acres, more or less, with all and singular improvements thereon.
Plaintiff claims ownership of the property by inheritance from her alleged father and mother, John and Minnie Ellis. She avers her father and mother were married on October 21, 1893; that title to the property was vested in the community by virtue *102 of a deed dated June 6, 1934, from H. B. Lewis to Minnie Ellis.
Plaintiff initially instituted a summary proceeding in the form of a “Petition for Possession” styled “In the Matter of the Succession of John Ellis and Mrs. Minnie S. Ellis” bearing No. 10,590 on the docket of this court, naming as defendants the same parties as those named in the instant suit. Defendant filed a dilatory exception in suit No. 10,590 on the ground it was an improper use of summary, process. Before, the date fixed for hearing in the summary proceeding, plaintiff filed the present suit in the form of an ordinary proceeding. By agreement of counsel the summary proceeding was stayed until trial on the merits of the ordinary proceeding, at which time all issues not previously disposed of with respect to the rights of the ownership and possession would he tried and presented for decision simultaneously.
The lower court in its written reasons for judgment stated the issues to be:
(1) Whether plaintiff has established the right to inherit as an heir of John or Minnie Ellis; and
(2) Whether defendants have acquired title to the land by the acquisitive prescription of ten years.
Both issues were resolved in favor of defendants and from these judgments plaintiff appeals.
The essential allegations of plaintiff’s petition in the present suit are: the assertion of ownership by plaintiff and the source thereof; an admission that plaintiff is not in possession; that defendants are in possession or are claiming title adversely without possession; and that defendants refuse to deliver possession to plaintiff without “any good or legal cause for such refusal.”
Defendants answer by denying generally all allegations of plaintiff’s petition not expressly admitted. Especially denied were:
(1) The allegation of ownership by plaintiff;
(2) The allegation that plaintiff is the daughter of either John or Minnie Ellis.
Defendants’ answer admits:
(1) The death of John and Minnie Ellis;
(2) Their marriage on October 21, 1893 ;
(3) The death of John Ellis as having occurred either during the month of May, June or July, 1934, and the date of the death of Minnie Ellis in 1938.
Defendants also admit plaintiff is not in possession; that defendants are in possession and that defendants refuse to deliver possession to plaintiff.
Further answering defendants Sale and Hutson allege they have acquired good title to the land by the acquisitive prescription of ten years.
Minnie Ellis allegedly mortgaged the property to the Federal Land Bank under a mortgage dated September 24, 1934. By executory process the Federal Farm Mortgage Corporation, which had succeeded to the rights of the Land Bank, proceeded to collect the mortgage by seizure of the property which was sold to defendant Sale on September 12, 1936. Two days thereafter Sale sold to defendant Hutson an undivided one-half interest in the property, subject to an oil and gas lease executed on September 14, 1936, in favor of Magnolia Petroleum Company. There also appears on record an oil and gas lease on the property to Hunt Oil Company, dated March 14, 1945. The evidence is uncon-tradicted defendants were in possession of the property at the time of the suit and trial. It is upon these facts, coupled with extensive testimony concerning continuous acts of possession, that defendants base their claim of title to the property by a special plea of prescription acquirendi causa which was set forth in defendants’ answer.
Directing our attention first to whether plaintiff has established any title to the property, it is appropriate to observe *103 certain fundamental rules pertaining to the petitory action. The settled law of this state is that, in order to succeed, a plaintiff in a petitory action brought against a defendant in possession must rely upon the strength of his own title and not on the weakness of that of his adversary. As related to the present case (because of defendants’ possession) the burden is upon Emma Lee Hatter to produce proof sufficient to establish title to the property in dispute. Louisiana Code of Civil Procedure Article 3653(1); Schexnayder v. Duhon (La.App., 3 Cir. 1964) 163 So.2d 393; Bolding v. Eason Oil Co., 248 La. 269, 178 So.2d 246 (1965).
We find the trial judge fairly and correctly stated the facts and resolved the primary issue as follows in his excellent written reasons:
“A careful and detailed search of the transcript for evidence relating to the issue, shows that the only facts concerning the marital and family history of John Ellis and Minnie Sturgis Ellis and plaintiff which can definitely and unequivocally be stated to be true date wise are:
“(1) The marriage of John Ellis and Minnie Sturgis Ellis on October 21, 1893; and
(2) The date of the marriage of plaintiff and plaintiff’s husband on June 23,1906.
“Turning now to examine plaintiff’s own statements relating to the date of her birth, we note that she says:
“(1) That she was born in 1884 * * *
(2) That she was, at the time of the trial in March, 1965, 72 or 73 years of age * * *. tins would fix the date of her birth as having occurred in 1892 or 1893;
(3) She states that she was between 16 and 17 years of age at the time of her marriage in 1906 * * *; this would fix the date of her birth at some date in 1889 or 1890;
(4) That she was born in 1894; * * *
(5) That she was born in 1893; * * *
(6) That she was born in 1883; * * *
(7) She admitted that in her deposition on September 24, 1964, that she had testified she would be 73 years of age in November 1964. Finally she said that she is now 73 years of age * * * This would fix the date of her birth to have been some date in the month of November, 1891. Plaintiff’s witness John Beene, who attended school with plaintiff, testified that he was 73 years of age and that he was younger than plaintiff.
******
“In view of the fact that it was definitely proved that the marriage of John and Minnie Sturgis occurred on October 21, 1893, it follows that if plaintiff was born prior to that date, she could not be legitimate issue of such marriage. Of the seven different years ranging from 1883 to 1894 during which plaintiff testified that her birth occurred, the only one which, if true, could possibly have given rise to a presumption of legitimacy was the year 1894, but her testimony as regards that date is disputed not only by the contradiction in her direct testimony as regards the date of her birth, but it is also contradicted by her testimony on the same subject by comparing the date of her birth with the dates of other events, the dates of which are definitely known.
“Her marriage certificate shows that she was married on June 26, 1906. Her own testimony is that she was between 16 and 17 years of age at that time. This is both reasonable and credible and would fix the date of her birth at some date in the year of 1889 or 1890. If, however, she was born in 1894, she would have been between 11 and 12 years of age at the time of her marriage on June 26, 1906. This is both unreasonable and incredible.
*104 “We believe that plaintiff’s own uncon-tradicted testimony has proved by a preponderance of the evidence that she was born prior to the date of the marriage of John Ellis and Minnie Ellis.
“The record is barren of any evidence that would tend to reflect that either John or Minnie Ellis did any act before their marriage or after the same which would have had the effect of legitimating the plaintiff. As the birth of plaintiff and the deaths of both John and Minnie Ellis occurred prior to the 1944 and 1948 amendments to Louisiana Civil Code Article 198, her legitimation could only have been accomplished by notarial act of the parents before marriage or in the contract of marriage itself. Succession of Jones, 185 La. 377, 169 So. 440; Landry v. American Creosote Works, 119 La. 231, 43 So. 1016, 11 L.R.A.,N.S., 387; Van Dickson v. Mayfield, 158 La. 529, 104 So. 315.
“ * * * when John Ellis passed from this life in 1934, the status most favorable to plaintiff (under the evidence contained in this record) was that of an acknowledged illegitimate child. As such her rights of inheritance were governed by Louisiana Civil Code, Arts. 915, 919 and 924, and she could not have inherited from John Ellis because he left a surviving wife who, according to Art. 924, inherited from him to the exclusion of any natural child or children duly acknowledged. Therefore, insofar as this record reflects, Minnie Ellis, after the death of John Ellis, had the right to deal with the property as she may have seen fit so to do.”
The plaintiff having failed to prove her title to the property in dispute, and the defendants being in possession thereof it follows plaintiff’s demands in the petitory action were properly rejected by the lower court.
Having decided the case on the first issue tendered we think it proper to pretermit a discussion of the plea of ten-year acquisitive prescription. Rowson v. Barbe, 51 La.Ann., 347, 25 So. 139 (1899).
For the reasons assigned the judgment appealed from is amended and recast and there is judgment rejecting, at her costs, plaintiff’s claim of title to the following described property:
The West One Half (W 1/2) of the Northeast Quarter (NE j4) and the East Quarter (E ]4) of the East Half (E 1/2) of the Northwest Quarter (NW }4)> Section 12, Township 23 North, Range 7 West, Claiborne Parish, Louisiana, containing 100 Acres, more or less, with all and singular improvements thereon.
Amended and recast.