SAVOY, Judge.
This appeal involves an interpretation of LSA-R.S. 37:218, wherein an employment contract was executed between an attorney, William Henry Sanders, and his client, James Ray Sanders.
On July 9, 1970, James Ray Sanders filed a personal injury action in the Ninth Judicial District Court in and for the Parish of Rapides, to recover damages for injuries he received while working as a seaman in the employ of Rowan Drilling Company, Inc. (hereinafter referred to as Rowan). William Henry Sanders, the attorney for James Ray Sanders, joined in the petition alleging he had acquired an interest in the suit by virtue of an employment contract confected in accordance with LSA-R.S. 37:218 in which the parties agreed that the written consent of each other was necessary before a settlement, compromise or other disposition of the claim of James Ray Sanders could be made.
An exception of res judicata was filed on behalf of Rowan as to the claim of James Ray Sanders on the ground that he had filed a prior suit in federal court in the Eastern District of Louisiana on the same claim and had released said claim in payment of $21,500.00. This exception was filed on behalf of Rowan by the law firm of Ungar, Dulitz & Martzell (the attorneys who represented James Ray Sanders in the federal court suit) who were defending the suit solely for any attorney fees that may be owed to William Henry Sanders by Rowan, pursuant to a hold harmless and indemnity agreement incorporated in the release in the federal court suit.
An exception of no cause of action was filed on behalf of Rowan as to the claim of William Henry Sanders, the attorney, on the grounds that he had never filed the employment contract in Orleans Parish or in the federal district court in which the suit was pending prior to its settlement.
The trial court sustained both exceptions holding that the claim of James Ray Sanders was res judicata, and that the claim of William Henry Sanders stated no cause of action insofar as the contract was not properly recorded in compliance with the terms of LSA-R.S. 37:218. From the adverse rulings only William Henry Sanders appealed.
LSA-R.S. 37:218 provides as follows:
“By written contract signed by the client, attorneys at law may acquire as their fee an interest in the subject matter of the suit, proposed suit, or claim, in the prosecution or defense of which they are employed, whether the suit or claim be for money or for property. In such a contract of employment, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file it with the clerk or the district court in which the suit is pending or is to be brought and have a copy made and served on the opposing party and due return made as in case of petitions in ordinary suits. After such service, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client without the written consent of the other is null and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made.”
*667 In the record are found the following facts:
(1) On July 9, 1969, a suit was filed in the U. S. District Court, Eastern District of Louisiana. New Orleans Division, against Rowan, bearing Civil Action No. 69-1522, in which James R. Sanders brought suit against Rowan for personal injuries he had received while in the employ of Rowan as a seaman, said suit being filed by the law firm of Ungar, Dulitz & Martzell.
(2) An undated contract of employment was executed between James Ray Sanders and William Henry Sanders and was filed with the Clerk of Court, 28th Judicial District Court in and for the Parish of LaSalle on July 28, 1969.
(3) On July 30, 1969, service of the notice of the employment contract was served upon Rowan through C T Corporation System, 1300 Hibernia Building, New Orleans, Louisiana.
(4) On April 9, 1970, an order of dismissal was signed by U. S. District Judge Boyle in Civil Action No. 69-1522.
(5) On April 15, 1970, a petition (presumably of intervention) was received by the Deputy Clerk in Civil Action No. 69-1522 which was returned to William Henry Sanders with a notation that the case was closed since the order of dismissal was signed on April 9, 1970.
(6) On April 22, 1970, James R. Sanders signed a “Receipt and Release” for the sum of $21,500.00, wherein he released Rowan, its insurers and all other parties from any liability arising out of the accident giving rise to the suit. On the same date a “Satisfaction of Docket” was signed by James R. Sanders and his attorney, Harris M. Du-litz, in Civil Action No. 69-1522.
(7) On April 24, 1970, a judgment was signed in favor of James R. Sanders and against Rowan in the amount of $21,500.00.
(8) No suit was ever brought in LaSalle Parish on behalf of James Ray Sanders against Rowan.
(9)On July 9, 1970, the suit forming the basis of this appeal was filed in the Ninth Judicial District Court in and for the Parish of Rapides.
Based upon the above facts, it becomes apparent that the contract of employment, forming the basis of the suit with which we are here concerned, was never filed in Civil Action No. 69, 1522 in the United States district Court, Eastern District, New Orleans Division. Nor was a subsequent suit filed on behalf of James Ray Sanders in LaSalle Parish wherein the contract of employment was recorded. We hold that the exception of no cause of action was properly sustained by the trial court, when considering the fact that LSA-R.S. 37:218 is in the nature of a lien and so being requires a strict construction and compliance therewith to become effective. William Henry Sanders was cognizant of the suit pending in federal court for some time and did not take the proper steps to protect the lien granted to him under LSA-R.S. 37:218.
The case of Succession of Jones, 193 La. 360, 190 So. 581 (1939), cited by appellant is not applicable. In that case the contract of employment was filed with the clerk of court where the suit was pending, and counsel for the defendants accepted service of same.
For cases involving a strict construction of LSA-R.S. 37:218, see Succession of Vlaho, 140 So.2d 226 (La.App. 4 Cir. 1962); Selly v. Watson, 210 So.2d 113 (La.App. 1 Cir. 1968); and Palmer & Palmer v. Stire, 195 So.2d 706 (La.App. 1 Cir. 1967).
After the instant case was submitted to the Court, plaintiff filed a motion to file certáin exhibits, supplemental brief and to remand the case. We have examined the application and have decided to deny the motion since we find that in any event the results would be the same. Even though the documents sought to be introduced may show that the motion was served on the opposing party, they apparently will not show that the contract of employment was filed in either the U. S. District Court for *668 the Eastern District of Louisiana or in Rapides Parish, Louisiana.
For the reasons assigned, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant.
Affirmed.